IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WEST MAUI RESORT PARTNERS, L.P., a Delaware limited partnership, | ) CIVIL NO. 06-00482 HG-KSC )  ) FINDINGS AND ) RECOMMENDATION TO GRANT |
| Plaintiff | ) DEFENDANT AND THIRD-PARTY ) PLAINTIFF ADVANCED |
| vs. | ) STRUCTURES, INCORPORATED'S ) (NKA INNOVATION |
| ADVANCED STRUCTURES, INCORPORATED, a Texas Corporation; ARB, INC., a California corporation; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50, | ) CONSTRUCTS, INC.) PETITION ) FOR DETERMINATION OF GOOD ) FAITH SETTLEMENT AND ) MOTION FOR DISMISSAL OF ) ALL CLAIMS AGAINST ) ADVANCED STRUCTURES, ) INCORPORATED (NKA ) INNOVATION CONSTRUCTS, ) INC.) |
| Defendants. | ) |
| _____ | ) ) |
| ADVANCED STRUCTURES INCORPORATED, nka INNOVATION CONSTRUCTS, INC., a Texas corporation, | ) ) ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| ARB, INC.; ENTER-TECH METALS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT
DEFENDANT AND THIRD-PARTY PLAINTIFF ADVANCED
STRUCTURES, INCORPORATED'S (NKA INNOVATION CONSTRUCTS,
INC.) PETITION FOR DETERMINATION OF GOOD FAITH
SETTLEMENT AND MOTION FOR DISMISSAL OF ALL CLAIMS
AGAINST ADVANCED STRUCTURES, INCORPORATED
(NKA INNOVATION CONSTRUCTS, INC.)

Before the Court is Defendant/Third-Party Plaintiff Advanced Structures, Incorporated's (nka Innovation Constructs, Inc.) ("ASI") Petition for Determination of Good Faith Settlement and Motion for Dismissal of All Claims Against ASI ("Petition"), filed June 4, 2008.

On June 12, 2008, Defendant /Third-Party Defendant ARB, Inc. ("ARB") and Third-Party Defendant Ener-Tech Metals, Inc. ("Ener-Tech") filed Position Statements.

On June 16, 2008, ASI filed a Reply Memorandum.

This matter came on for hearing on June 23, 2008.  John Dwyer, Esq., appeared on behalf of Plaintiff West Maui Resort Partners ("Plaintiff"); Lennes Omuro, Esq., appeared on behalf of ASI; Ann Aratani, Esq., appeared on behalf of Ener-Tech; and Brad Petrus, Esq., appeared by phone on behalf of ARB. After careful consideration of the Petition, the

Position Statements, and the arguments of counsel, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Petition.

On May 27, 2008, ASI and Plaintiff entered into a confidential settlement agreement. ASI now seeks a determination that it entered into the confidential settlement agreement in good faith. Neither Plaintiff, Ener-Tech, nor ARB oppose the Petition. However, Ener-Tech requests that it not be precluded from submitting evidence and arguing that the ASI was responsible for Plaintiff's damages. Similarly, ARB argues that in the event this case goes to trial, ASI should appear on the verdict form for the apportionment of tort liability and in order to effectuate the intent of Hawai Revised Statutes ("HRS") § 663-10.9.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors. See Haw. Rev. Stat. § 663-15.5(b). "The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement

regarding the case or the terms of the settlement, the basis, terms, and settlement amount." Id.  Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith.  See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith.  See 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003).  The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability."  See id. at 426, 77 P.3d at 110.  The court therefore rejected California's process of conducting "mini-trials" to determine the parties' probable liability before approving a settlement.  See id. at 426-27, 77 P.3d at 110-11.  The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision,

4

>     medical malpractice, product liability,
>     etc.; (2) the realistic approximation of
>     total damages that the plaintiff seeks;
>     (3) the strength of the plaintiff's claim
>     and the realistic likelihood of his or her
>     success at trial; (4) the predicted
>     expense of litigation; (5) the relative
>     degree of fault of the settling
>     tortfeasors; (6) the amount of
>     consideration paid to settle the claims;
>     (7) the insurance policy limits and
>     solvency of the joint tortfeasors; (8) the
>     relationship among the parties and whether
>     it is conducive to collusion or wrongful
>     conduct; and (9) any other evidence that
>     the settlement is aimed at injuring the
>     interests of a non-settling tortfeasor or
>     motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111.  These factors are not exhaustive; the court may consider any other relevant factor.  See id.

In the instant case, the Court finds that ASI and Plaintiff entered into the settlement in good faith.  After considering the factors set forth in Troyer, the totality of circumstances, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5.

The Court declines to address the issues raised by Ener-Tech and ARB concerning the admissibility of

evidence of ASI's liability at trial and the inclusion of ASI on the verdict form.  These matters are not essential or germane to deciding the Petition and they are better left to the discretion of the trial judge.  Thus, the Court recommends that the district court GRANT the Petition.  The Court notes that in the event the district court adopts this Findings and Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, and cross-claims against ASI pursuant to HRS § 663-15.5(d).[1]

Finally, the Court hereby extends the deadline

---

[1] HRS § 663-15.5(d) provides:

> (d) A determination by the court that a settlement was made in good faith shall:
>
> > (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and
>
> > (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).

for the Stipulation for Dismissal (as to Plaintiff and ASI) from June 27, 2008 to July 3, 2008.

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT ASI's Petition for Determination of Good Faith Settlement and Motion for Dismissal of All Claims Against ASI, filed June 4, 2008.  Plaintiff and ASI are to submit a Stipulation for Dismissal by July 3, 2008.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 23, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 06-00482 HG-KSC; WEST MAUI RESORT PARTNERS V. ADVANCED STRUCTURES, et al.; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT AND THIRD-PARTY PLAINTIFF ADVANCED STRUCTURES, INCORPORATED'S (NKA INNOVATION CONSTRUCTS, INC.) PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND MOTION FOR DISMISSAL OF ALL CLAIMS AGAINST ADVANCED STRUCTURES, INCORPORATED (NKA INNOVATION CONSTRUCTS, INC.)