**TOM PETRUS & MILLER, LLLC**

BRAD S. PETRUS          4586-0
bpetrus@tpm-hawaii.com
Tel #(808) 792-5803
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii  96813
Telephone No. (808) 792-5800

Attorney for Defendant and Third-Party Defendant
ARB, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WEST MAUI RESORT PARTNERS, L.P., a Delaware limited partnership,<br><br>    Plaintiff,<br><br>  vs.<br><br>ADVANCED STRUCTURES INCORPORATED, a Texas corporation; ARB, INC., a California corporation; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50,<br><br>    Defendants.<br><br>ADVANCED STRUCTURES INCORPORATED, nka INNOVATIVE CONSTRUCTS, INC., a Texas corporation, | CIVIL NO. CV06 00482BMK<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ARB, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FOR DISMISSAL OF ALL CROSS-CLAIMS AND THIRD-PARTY CLAIMS<br><br><br><br><br><br><br><br><br><br><br>Trial Date: January 21, 2009<br>Judge: Honorable Barry M. Kurren |

|  |  |
|---|---|
| Third-Party Plaintiff, | ) |
|  | ) |
| vs. | ) |
| ARB, INC.; ENER-TECH METALS, INC.; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; and DOE ENTITIES 1-50, | ) ) ) ) ) ) |
|  | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ARB, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FOR DISMISSAL OF ALL CROSS-CLAIMS AND THIRD-PARTY CLAIMS**

Before the Court is Defendant ARB, INC.'S ("ARB") Petition for Determination of Good Faith Settlement and Dismissal of All Cross-Claims and Third-Party Claims Against ASI ("Petition"), filed January 21, 2009.

On January 28, 2009, Plaintiff West Maui Resort Partners, L.P. filed a Memorandum in Support of Defendant ARB, Inc.'s Petition For Determination of Good Faith Settlement.

This matter came on hearing on February 26, 2009. John Dwyer, Esq., appeared on behalf of Plaintiff West Maui Resort Partners ("Plaintiff"); Brad S. Petrus, Esq., appeared on behalf of ARB. After careful consideration of the Petition, the Position Statements, and the arguments of counsel, the Court

2

HEREBY FINDS and RECOMMENDS that the district court GRANT the Petition.

On December 29, 2008, ARB and Plaintiff entered into a confidential settlement agreement. ARB now seeks a determination that the confidential settlement agreement was entered in good faith. Neither Plaintiff, Defendant Advanced Structures Incorporated, Third-Party Defendant Ener-Tech Metals, Inc., nor any other person or entity oppose the Petition.

Under Hawaii law, a party must petition the court for a hearing on the issue of whether a settlement was made in good faith and must serve notice to all known joint tortfeasors or co-obligors. See Haw. Rev. Stat § 663-15.5(d). The petition shall indicate the settling parties and, except for a settlement that includes a confidentiality agreement regarding the case or the terms of the settlement, the basis, terms, and settlement amount." Id. Any non-settling party may file an objection and such party bears the burden of proving a lack of good faith. See id.

In Troyer v. Adams, the Hawaii Supreme Court adopted a "totality of the circumstances" approach for the § 663-15.5 analysis of whether a settlement was made in good faith. See 102 Hawai'i 399, 425, 77 P.3d 83, 109 (2003). The court noted that the statute's legislative intent focused more on "encouraging settlements than ensuring the equitable apportionment of liability." See id. at 426, 77 P.3d at 110. The court therefore rejected California's process of conducting "mini-trials"

to determine the parties' probable liability before approving a settlement. See id. at 426-27, 77 P.3d at 110-11. The supreme court stated,

> the trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medial malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors;(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427, 77 P.3d at 111. These factors are not exhaustive; the court may consider any other relevant factor. See id.

In the instant case, the Court finds that ARB and Plaintiff entered into the settlement in good faith. After considering the factors set for in Troyer, the totality of circumstances, and after reviewing the essential terms of the settlement, the Court finds that the settlement was reached in good faith for the purposes of HRS § 663-15.5.

Thus, the Court recommends that the district court GRANT the Petition.

The Court notes that in the event the district court adopts this Findings and Recommendation, the finding of good faith settlement shall result in the dismissal of all claims, counterclaims, cross-claims and third-party claims against ARB pursuant to HRS § 663-15.5(d).[1]

## CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that the district court GRANT ARB's Petition for Determination of Good Faith Settlement and for Dismissal of All Cross-Claims and Third-Party Claims Against ARB, filed January 21, 2009.

---

[1] HRS § 663-15.5(d) provides:

    (d) A determination by the court that a settlement was made in good faith shall:

    (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

    (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

Haw. Rev. Stat. § 663-15.5(d).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 2, 2009.

 

Kevin S.C. Chang
United States Magistrate Judge

*West Maui Resort Partners v. Advanced Structures Incorporated, et al.,* Civil No. CV06 00482 BMK; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT ARB, INC.'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT AND FOR DISMISSAL OF ALL CROSS-CLAIMS AND THIRD-PARTY CLAIMS